UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| GILLIAN FILYAW, individually and on behalf of all others similarly situated, <br><br> PLAINTIFF, <br><br> v. <br><br> STEVE CORSI, Chief Executive Officer of the Nebraska Department of Health and Human Services, in his official capacity, and MATT AHERN, Interim Director of the Division of Medicaid and Long-Term Care, in his official capacity, <br><br> DEFENDANTS. | Case No._____ <br><br><br> **COMPLAINT** <br> **(CLASS ACTION)** |

## PRELIMINARY STATEMENT

1. Defendant Steve Corsi and Defendant Matt Ahern (collectively, "Defendants") are terminating Medicaid health care coverage for tens of thousands of Nebraskans without providing adequate written notice as required by the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution.

2. Defendants issued notice to Plaintiff Gillian Filyaw (hereinafter, "Plaintiff") and have issued or will issue notice to the proposed class that their enrollment in Nebraska's Medicaid program will be terminated by the Nebraska Department of Health and Human Services ("Department") on the basis of their income, but the notice was issued without an adequate reason for the proposed termination, instead providing only the conclusory reason that "income exceeds standards" (hereinafter "Income Termination Notice" or "Income Termination Notices").

1

3. Federal COVID-19 legislation provided enhanced federal funding to state Medicaid programs on the condition that states kept most Medicaid enrollees continuously enrolled in coverage from March 1, 2020 through March 31, 2023. 42 U.S.C. § 1396d (note Families First Coronavirus Response Act, Pub. L. No. 116-127, § 6008, 134 Stat. 178, 208-209 (2020)); 42 U.S.C. § 1396a(tt)(1)(A) (added by Consolidated Appropriations Act, 2023, Pub. L. No. 117-328, § 5131 (2022)).

4. After the federal COVID-19 protections for Medicaid enrollees ended, Defendants began redetermining Medicaid eligibility for more than 390,000 Nebraskans. *Nebraska Medicaid Maintenance of Eligibility (MOE) Unwinding Operational Plan*, *Version 1.2*, Nebraska Dept. of Health and Human Services, at 6, (Feb. 8, 2023), https://dhhs.ne.gov/Documents/Nebraska%20Medicaid%20Maintenance%20of%20Eligibility%20(MOE)%20Unwinding%20Operational%20Plan.pdf.

5. Since April 2023, more than 22,000 Nebraskans have been issued an Income Termination Notice proposing to end their Medicaid enrollment for only the conclusory reason that their "income exceeds standards."

6. The Department includes no other explanation of the reason on the Income Termination Notices, such as the source of an enrollee's income, the enrollee's household size, a calculation of enrollee's household income, or the applicable income limit for eligibility based on the enrollee's household size.

7. Between May 2023 and November 2023, thousands of Nebraskans each month were issued Income Termination Notices that provide only the identical conclusory reason "income exceeds standards."

8. The most recent publicly available data at the time of filing indicates an additional 48,561 enrollees remain to be redetermined, many of whom are at risk of also being issued an Income Termination Notice. *Medicaid Unwind Dashboard* (last updated Apr. 30, 2024), https://datanexus-dhhs.ne.gov/views/MedicaidUnwindPublic/MedicaidUnwindPublic?%3Aembed=y&%3AisGuestRedirectFromVizportal=y last visited June 11, 2024).

9. Plaintiff brings this action on behalf of herself and all others similarly situated to challenge Defendants' failure to provide adequate notice to enrollees prior to terminating their Medicaid coverage, as required by the Due Process Clause of the Fourteenth Amendment.

10. Plaintiff seeks (1) a class-wide declaration that Defendants' Income Termination Notices do not satisfy due process requirements and are therefore unconstitutional; and (2) a class-wide preliminary injunction and permanent injunction enjoining Defendants, in their official capacities, from enforcing the unconstitutional and unlawful termination of Medicaid coverage for Plaintiff, and all others similarly situated, including those enrollees that have already been issued an Income Termination Notice, and enrollees that have not yet been issued an Income Termination Notice.

11. Furthermore, Plaintiff seeks to prevent this ongoing deprivation of constitutionally protected property interests without adequate advance notice on behalf of the purported class through prospective reinstatement of the class's property interests in Medicaid coverage until such time that sufficient notice be issued to the entire class.

## PARTIES

### Plaintiff

12. Plaintiff Gillian Filyaw is 23 years old and resides in North Platte, Nebraska.

**Defendants**

13. Defendant Corsi is Chief Executive Officer of the Department and is responsible in his official capacity for overseeing all Department functions and their operation consistent with state and federal law. Neb. Rev. Stat. § 81-3117; *see* Neb. Rev. Stat. §§ 68-908(1), 68-907(2). He is sued in his official capacity.

14. Defendant Ahern is Interim Director of the Division of Medicaid and Long-Term Care of the Department and is responsible in his official capacity for overseeing all Medicaid Division functions and their operation consistent with state and federal law. Neb. Rev. Stat. § 81-3116(4). He is sued in his official capacity until such time that his successor in interest is named and is ordered to be joined to the action pursuant to Fed. R. Civ. P. 25(c).

15. Defendants are responsible for the administration of the Medicaid program in the state of Nebraska, which provides eligibility determination notices, including termination notices, to enrollees.

16. Defendants have offices at 301 Centennial Mall South, Lincoln, Nebraska.

**JURISDICTION AND VENUE**

17. This action arises under 42 U.S.C. § 1983 and the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution.

18. The Court's subject matter jurisdiction over this action is conferred by 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).

19. Declaratory relief is authorized by 28 U.S.C. §§ 2201(a), 2202, and Fed. R. Civ. Pro. 57. Injunctive relief is authorized by Fed. R. Civ. Pro. 65.

20. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action under Fed. R. Civ. Pro. 23(a) and (b)(2) on behalf of a class defined as follows:

    > Those who, since March 1, 2023, have been or will be issued a written notice from Defendants proposing to terminate their Nebraska Medicaid eligibility for the reason "income exceeds standards."

22. Plaintiff alleges that Defendants' failure to provide adequate termination notice prior to terminating Medicaid eligibility unconstitutionally deprives her and all others similarly situated of due process to which they are legally entitled under the Due Process Clause of the Fourteenth Amendment.

23. The class is so numerous that joinder of all members is impracticable. Since April 2023, more than 22,000 Nebraskans have been issued an Income Termination Notice with the identical conclusory reason that their "income exceeds standards." Each month, many more Nebraskans are issued identically deficient Income Termination Notices. More than 48,000 enrollees remain to be redetermined, many of whom are at risk of also being issued an Income Termination Notice.

24. There are questions of law or fact common to the proposed class, including whether Defendants' issuance of Income Termination Notices fails to provide an adequate reason for the proposed termination as required by due process.

25. Plaintiff's claims are typical of the claims of the plaintiff class. Plaintiff and the proposed class have been or will be issued Income Termination Notices by Defendants, which propose to terminate their Medicaid eligibility based on their income, without an adequate reason to support the proposed termination in violation of the Due Process Clause of the Fourteenth Amendment.

26. Plaintiff will fairly and adequately protect the interests of the proposed class because they suffer from the same unlawful deprivation of their property interest in Medicaid coverage. In supporting their individual claims, Plaintiff will simultaneously advance the claims of absent class members. Plaintiff knows of no conflicts of interest among class members.

27. Plaintiff and the proposed class are represented by Nebraska Appleseed Center for Law in the Public Interest, whose attorneys are experienced in class action litigation and will adequately represent the class. Counsel has the resources, expertise, and experience to prosecute this action on behalf of the proposed class.

28. Plaintiff's claims satisfy the requirements of Fed. R. Civ. P. 23(b)(2). Defendants have acted on grounds generally applicable to the proposed class by issuing Income Termination Notices that communicate only the ultimate conclusion without providing an adequate reason, which should include at least the income calculation and relevant income limit for the enrollee's household size, thereby making appropriate preliminary and final injunctive relief and declaratory relief with respect to the proposed class as a whole.

29. A class action is superior to other available methods for a fair and efficient adjudication of this matter in that the prosecution of separate actions by individual class members would unduly burden the Court and create the possibility of conflicting decisions.

## CONSTITUTIONAL, STATUTORY, AND REGULATORY SCHEME

### Medicaid Overview

30. Medicaid is a jointly funded state and federal program established in 1965 that provides medical coverage to certain categories of low-income persons pursuant to Title XIX of the Social Security Act. 42 U.S.C. §§ 1396–1396w-7; *see* Neb. Rev. Stat. § 68-906.

31. The purpose of Medicaid is to furnish medical assistance to individuals whose income and resources are insufficient to pay the costs of their medically necessary care. *See* 42 U.S.C. § 1396-1.

32. State participation in Medicaid is optional. When a state chooses to participate, it must comply with the requirements of the federal Medicaid Act and implementing rules in order to receive federal funds to match state expenditures under the program. *Bowlin v. Montanez*, 446 F.3d 817, 818 (8th Cir. 2006).

33. Such requirements include how a state determines Medicaid eligibility and when the state can terminate an enrollee's Medicaid coverage.

34. After the state makes an initial eligibility determination, the state reviews an enrollee's continuing eligibility at least once every 12 months. 42 C.F.R. § 435.916, 477 Neb. Admin. Code § 3-007. This process of reviewing an individual's continuing eligibility once every 12 months is known as renewal.

35. Defendants are required to provide enrollees timely and adequate written notice of any eligibility decision, including an approval, denial, termination, or suspension of eligibility, or a denial or change in benefits and services. 42 U.S.C. § 435.917(a).

36. If the state determines that the recipient is not eligible in any category of Medicaid or on any basis of eligibility, Medicaid enrollment must be maintained until the individual is provided timely and adequate written notice that includes a statement of what action the agency will take and the effective date of such action, a clear statement of the specific reasons supporting the proposed termination, the specific regulations that support the proposed termination, and information on the individual's hearing rights. 42 U.S.C. §

1396a(a)(3); 42 C.F.R. §§ 431.206(b)-(c), 431.210, 435.917(a); Neb. Rev. Stat. § 68-914(3); 477 Neb. Admin. Code § 9-002.01 – 9-002.03.

37. Enrollees and applicants for Medicaid have "the right to appeal any action, inaction, or failure to act with reasonable promptness by requesting a fair hearing." 477 Neb. Admin. Code 10-002.

38. Such appeal must be requested within 90 days of the mail date of the notice being appealed. 477 Neb. Admin. Code 10-003.

39. If an appeal is submitted before the effective date on the notice, the enrollee is presumed to have requested that their Medicaid enrollment continue pending the appeal decision unless the enrollee indicates otherwise. 477 Neb. Admin. Code 10-004; *see* 42 C.F.R. § 431.230(a).

40. If the outcome of the appeal is that the state's action or inaction is sustained, the state may recover the costs of the services provided during the pendency of the appeal and recoup such costs from the enrollee. 42 C.F.R. § 431.230(b).

**Due Process Requirements for Medicaid Termination Notices**

41. The Due Process Clause of the Fourteenth Amendment of the U.S. Constitution prohibits any state from depriving any person of a property interest without the due process of law.

42. Medicaid coverage, like other welfare benefits, is a matter of statutory entitlement for individuals qualified to receive it, and thus is a constitutionally protected property interest that cannot be deprived without due process of law. U.S. Const. amend. XIV, § 1; *Goldberg v. Kelly*, 397 U.S. 254, 262 (1970); *Bliek v. Palmer*, 102 F.3d 1472, 1475 (8th Cir. 1997).

43. Constitutional due process requires that a Medicaid enrollee be issued timely and adequate written notice detailing the reasons for a proposed termination, and an effective opportunity for a hearing before services are terminated. *Goldberg*, 397 U.S. at 267-68.

44. Due process requires that adequate notice is "complete, stated in plain language, and reasonably calculated to afford the plaintiffs an opportunity to raise their objections to the state's proposed actions." *Bliek*, 102 F.3d at 1476.

45. Medicaid notices of adverse action must be in plain and clear terms, provide an explanation for why benefits are being reduced, provide specific references for the reduction in coverage, and "be as specific as reasonably practicable" about the enrollee's eligibility criteria. *See Elder v. Gillespie*, 54 F.4th 1055, 1064 (8th Cir. 2022) (quoting *Jacobs v. Gillespie*, No. 3:16-cv-119-DPM (E.D. Ark. Nov 1, 2016)).

**COVID-19 Medicaid Continuous Coverage Requirements**

46. Federal COVID-19-related protections required states to keep most Medicaid enrollees continuously enrolled in coverage from March 1, 2020 through March 31, 2023. 42 U.S.C. § 1396d, 42 U.S.C. § 1396a(tt)(1)(A).

47. On March 18, 2020, the Families First Coronavirus Response Act (FFCRA) was signed into law. The FFCRA offered enhanced federal funding to state Medicaid programs if states met certain requirements, one of which was to keep most Medicaid enrollees continuously enrolled in coverage despite any changes in circumstances through the end of the month of the federally declared COVID-19 public health emergency ("PHE") with very few exceptions. 42 U.S.C. § 1396d (note Families First Coronavirus Response Act, Pub. L. No. 116-127, § 6008, 134 Stat. 178, 208-209 (2020)).

48. Congress subsequently de-coupled the Medicaid continuous coverage requirement from the PHE and set March 31, 2023 as the date-certain for the end of continuous coverage requirement. 42 U.S.C. § 1396a(tt)(1)(A) (added by Consolidated Appropriations Act, 2023, Pub. L. No. 117-328, § 5131 (2022)).

49. On March 1, 2023, Defendants restarted renewals, and the first wave of terminations took effect April 1, 2023.

50. The unwinding of the continuous coverage requirement was expected to continue through at least April 2024.

51. As of the date of filing, the most recent publicly available data shows that even after April 30, 2024, renewals for 48,561 cases are still pending.

52. All Medicaid enrollees facing termination must be issued a timely and adequate written notice detailing the reasons for a proposed termination and an effective opportunity for a hearing before services are terminated.

53. Even after the unwinding of the continuous coverage requirement is over, all enrollees will continue to be renewed at least every twelve months, and many current and future enrollees are at risk of being issued an Income Termination Notice in the future as Defendants have used the conclusory reason "income exceeds standards" in the past and are expected to continue to use the same deficient Income Termination Notices after the unwinding is over.

## FACTUAL ALLEGATIONS

### Plaintiff Gillian Filyaw

54. Plaintiff, Gillian Filyaw, resides in North Platte, Nebraska with her husband and two young children.

55. Plaintiff's household income is low and often fluctuates based on seasonal demands for her husband's job.

56. Plaintiff recollects that she enrolled in Nebraska Medicaid coverage in October or November of 2020 when she discovered she was pregnant.

57. Plaintiff was continuously enrolled in Nebraska Medicaid coverage until her coverage ended on May 1, 2024.

58. Defendants issued Plaintiff an Income Termination Notice dated April 18, 2024 proposing to terminate her Medicaid coverage.

59. The Income Termination Notice issued to Plaintiff provides only a conclusory reason for her termination - that "income exceeds standards." However, the notice did not include a calculation of Plaintiff's household income nor the income limit based on household size used to determine whether she was eligible for Medicaid.

60. As a result of the conclusory reason provided on the Income Termination Notice, Plaintiff cannot adequately prepare a response to the proposed termination of coverage.

61. The Income Termination Notice issued to Plaintiff is identical to the Income Termination Notices issued to more than 22,000 Medicaid enrollees since March 1, 2023 in that it provides only the conclusory reason "income exceeds standards," without identifying the household income, calculation, household size, or applicable limit used in the eligibility determination.

62. Plaintiff has relied on Medicaid health coverage to address multiple serious health concerns in the past. Since her Medicaid was terminated, Plaintiff has forgone or delayed necessary health care because it is unaffordable without health coverage.

11

63. Plaintiff is experiencing emotional distress and great harm because of the unconstitutional deprivation of her Medicaid coverage without adequate notice.

## STATEMENT OF CLAIM

### Defendants violated Plaintiff's due process rights as guaranteed by the Fourteenth Amendment of the U.S. Constitution.

64. Plaintiff incorporates, as if fully set forth herein, the allegations included in Paragraphs 1 through and including 63.

65. The Due Process Clause of the Fourteenth Amendment of the U.S. Constitution bars the state from depriving a person of their property interest, which includes Medicaid benefits, without affording the individual adequate, timely notice and an opportunity to be heard prior to the termination of the benefits. U.S. Const. amend. XIV, § 1; *Goldberg*, 397 U.S. at 267-68; *Bliek*, 102 F.3d at 1475.

66. Defendants have deprived, and continue to deprive, Plaintiff and the proposed class of due process in violation of the Fourteenth Amendment by issuing the Income Termination Notices to Plaintiff and the proposed class, creating a risk of erroneous deprivation of Medicaid coverage and failing to provide timely, adequate notice of the basis for the agency's decision.

67. Plaintiff seeks relief on this claim pursuant to 42 U.S.C. § 1983, which provides a cause of action to redress the deprivation of their constitutional rights by persons acting under color of state law.

68. Plaintiff and the proposed class are entitled to injunctive and declaratory relief preventing the unconstitutional deprivation of the due process rights that arise from the Defendants' issuance of the Income Termination Notice.

69. Plaintiff and proposed class members that have been issued Income Termination Notices and who have been terminated from Medicaid coverage are entitled to a preliminary and permanent injunction prohibiting Defendants from enforcing the unconstitutional and unlawful termination of their Medicaid coverage, including prospective reinstatement of their property interest in Medicaid, until Defendants issue timely and adequate termination notice that sets forth the specific reasons for the proposed termination as required by constitutional due process.

70. Future proposed class members that have been or will be issued Income Termination Notices but who have not yet been terminated from Medicaid coverage are entitled to a preliminary and permanent injunction prohibiting Defendants from terminating their Medicaid coverage until Defendants issue timely and adequate termination notice that sets forth the specific reasons for the proposed termination as required by constitutional due process.

## **DECLARATORY AND INJUNCTIVE RELIEF**

71. Plaintiff and the proposed class have no adequate remedy at law to challenge or litigate the deficiencies of Defendants' Income Termination Notices but for an action for declaratory judgment and injunctive relief.

72. Plaintiff and the proposed class are likely to succeed on the merits of their claim, as all claims are enforceable by private parties and based on facts establishing the Defendants' unlawful conduct.

73. Plaintiff and the proposed class are likely to suffer irreparable harm in the absence of injunctive relief because they face the threat of termination of benefits without adequate notice and rely on Medicaid for access to health care.

74. The harm that Plaintiff and the proposed class suffer outweighs any harm that would be caused to the Defendants by ensuring that Medicaid enrollees are provided adequate notice prior to termination of eligibility.

75. The public interest is significant in protecting Medicaid beneficiaries' right to adequate notice prior to the termination of eligibility because Medicaid provides medically necessary services to people who live in or near poverty and who cannot afford such medically necessary services without Medicaid.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment in favor of Plaintiff and the proposed class they represent as follows:

a) Certify this action as a class action under Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure with respect to the proposed class identified herein;

b) Pursuant to 42 U.S.C. § 1983 declare that the Income Termination Notices used by Defendants do not satisfy the requirements of due process and are therefore unconstitutional;

c) Preliminarily and permanently enjoin Defendants from enforcing unconstitutional and unlawful Medicaid terminations per Income Termination Notices by affirmatively ordering that Defendants prospectively reinstate the property interests in Medicaid coverage of Plaintiff and proposed class until Defendants provide the enrollees an adequate termination notice that satisfies the requirements of constitutional due process, including setting forth the specific reasons why termination is proposed;

d) Preliminarily and permanently enjoin Defendants from terminating Medicaid coverage for future members of the proposed class without first providing the enrollee a

termination notice that satisfies the requirements of due process, including setting forth the specific reasons why termination is proposed;

e) Award the Plaintiff litigation costs and reasonable attorneys' fees, as provided for by 42 U.S.C. § 1988;

f) Waive the requirement for the posting of a bond as security for the entry of relief;

g) Set a time and place for hearings on the motions to be filed by Plaintiff and notice be given to all persons entitled thereto as provided by law;

h) Set the place of trial of this case as Lincoln, Nebraska; and

i) Order such other and further relief as the Court may deem just and proper.

Dated this 11th day of June, 2024.

        Respectfully submitted,

        Gillian Filyaw, on behalf of herself and all others similarly situated, Plaintiff

        */s/ Kelsey E. Arends*
        Kelsey E. Arends, #26762
        Sarah K. Maresh, #25793
        Robert E. McEwen, #24817
        James A. Goddard, #24150
        Attorneys for Plaintiff
        Nebraska Appleseed
        Center for Law in the Public Interest
        P.O. Box 83613
        Lincoln, Nebraska 68501-3613
        Telephone: (402) 438-8853 x145
        Fax: (402) 438-0263
        Email: karends@neappleseed.org
                    smaresh@neappleseed.org
                    rmcewen@neappleseed.org
                    jgoddard@neappleseed.org

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, the 11th of June, 2024, a copy of the foregoing was filed using the Court's ECF system, and the attorneys for the Plaintiff separately emailed copies of this Complaint to the following:

Jennifer A. Huxoll, Civil Litigation Bureau Chief, Nebraska Attorney General's Office,

via email: Jennifer.Huxoll@nebraska.gov.

This the 11th of June, 2024.

By: */s/ Kelsey E. Arends*

Kelsey E. Arends, #26762
Attorney for Plaintiff
Nebraska Appleseed
Center for Law in the Public Interest
P.O. Box 83613
Lincoln, Nebraska 68501-3613
Telephone: (402) 438-8853 x145
Fax: (402) 438-0263
Email: karends@neappleseed.org