UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GILLIAN FILYAW, individually and on behalf of all others. similarly situated, | ) ) ) ) | Case No._____ |
| PLAINTIFF, | ) ) ) | |
| v. | ) ) ) ) | **MOTION FOR TEMPORARY RESTRAINING ORDER** |
| STEVE CORSI, Chief Executive Officer of the Nebraska Department of Health and Human Services, in his official capacity, and MATT AHERN, Interim Director of the Division of Medicaid and Long-Term Care, in his official capacity, | ) ) ) ) ) ) ) ) | |
| DEFENDANTS. | ) | |

COMES NOW Plaintiff, Gillian Filyaw, by and through counsel, and moves this Court, pursuant to Rule 65 of the Federal Rules of Civil Procedure, for a temporary restraining order to restore the *status quo ante* as to her individual circumstances, but not on behalf of the purported class she seeks to represent. Plaintiff, reasserts herein and incorporates by reference the allegations contained in the Complaint and requests an order restraining the Defendants from enforcing the unlawful and unconstitutional termination of Plaintiff's Medicaid eligibility without adequate notice, and affirmatively ordering that Plaintiff be prospectively reinstated in Medicaid coverage until Defendants provide adequate notice which includes an adequate reason for her termination that comports with constitutional due process. The reasons for this motion are set forth more fully in the brief in support and evidence filed herewith, as required by NECivR. 7.1(a)(1)(A), which includes the following:

1. Plaintiff was enrolled in Medicaid and relied on the program to access critical health care until she was terminated effective May 1, 2024. Filyaw Income Termination Notice, attached hereto and incorporated herein, TRO Ex. 1.

2. Plaintiff's health situations are emergent and she will suffer substantial and irreparable harm if she does not access necessary medical treatment. Decl. of Gillian Filyaw for TRO, attached hereto and incorporated herein, TRO Ex. 2; Gosnell Family Medicine certified medical records, attached hereto and incorporated herein, TRO Ex.3.

3. Specifically, Plaintiff manages multiple health conditions which have required immediate and ongoing attention before and since she was terminated from Medicaid, including:

    a. Reproductive health concerns, Ex. 2 ¶¶ 17-20;

    b. Investigation and diagnosis of a suspicious lump, Ex. 2 ¶¶ 21-22; *see* Ex. 3 at 20, 22-27, 30-35, 38, 65;

    c. Migraines and mini-strokes, Ex. 2 ¶¶ 23-30; *see* Ex. 3 at 41, 46, 48, 53, 56;

    d. Mental health conditions, Ex. 2 ¶¶ 31-41;

    e. Physical therapy to recover from foot surgery to address multiple crush injuries, Ex. 2 ¶¶ 42-44; Ex. 3 at 63-64; and

    f. Cardiovascular issues, Ex. 2 ¶¶ 45-46.

4. Defendants issued Plaintiff a notice dated April 18, 2024 that her enrollment in Medicaid was terminated by the Nebraska Department of Health and Human Services ("Department"), with the reason that her "income exceeds standards." Ex. 1.

5. The notice of termination on the basis of her income did not provide an adequate reason for the proposed termination, only the conclusory reason "income exceeds standards," (hereinafter "Income Termination Notice"). Ex. 1.

6. Effective May 1, 2024, Plaintiff lost her crucial access to health care coverage. Ex. 1.

7. The Income Termination Notice issued to Plaintiff did not include an explanation of the source of Plaintiff's income, Plaintiff's household size, a calculation of Plaintiff's household income, or the income limit for her Medicaid eligibility. Ex. 1.

8. As a result of the conclusory reason provided on the Income Termination Notice, Plaintiff cannot adequately prepare a response to the proposed termination of coverage. Ex. 2 ¶¶ 8-9.

9. Plaintiff is likely to continue to suffer immediate and irreparable harm in the absence of a temporary restraining order because she has been terminated from Medicaid eligibility without adequate notice and has relied on Medicaid for access to health care.

10. The balance of the hardships tips decidedly in favor of granting the requested temporary restraining order, as the cost to the Defendants of providing medical coverage until they issue timely and adequate notice is negligible when compared to the potential harm Plaintiff faces if she is forced to continue to be deprived of medical coverage without adequate notice.

11. The public interest is significant in protecting Medicaid enrollees', including Plaintiff's, right to adequate notice prior to termination of eligibility because Medicaid provides medically necessary services to people who live in or near poverty and who cannot afford such medically necessary services without Medicaid.

12. As set forth more fully in the brief in support accompanying this motion, Plaintiff is likely to succeed on the merits of her claim, as all claims are enforceable by private parties and based on facts establishing the Defendants' unlawful conduct.

13. Plaintiff has no adequate remedy at law.

14. Plaintiff's attorneys certify that upon filing this motion, Plaintiff's attorneys will contact Defendants' counsel, the Nebraska Attorney General on June 11, 2024 to inform them that Plaintiff's counsel filed this motion for temporary restraining order against Defendants. The Nebraska Attorney General's office can be reached at 402-471-2683. Plaintiff has no objection to a conference or hearing as soon as practicable on this motion.

15. If such a conference or hearing is not possible or unnecessary, Plaintiff requests that this Court issue a temporary restraining order as soon as practicable without further notice to the Defendants because, unless such an order is issued, Plaintiff will continue to suffer immediate and irreparable harm.

WHEREFORE, the Plaintiff prays for the following relief:

1. Order the Defendants to cease enforcement of the unlawful and unconstitutional termination of Plaintiff's Medicaid eligibility by prospectively reinstating her in Medicaid coverage until such time that the Defendants provide her with an adequate termination notice that comports with constitutional due process or until a hearing on Plaintiff's forthcoming motion for a preliminary injunction may take place.

2. Issue the temporary restraining order ex parte as soon as is practicable, or, in the alternative, schedule a hearing on this motion as soon as practicable, at the Court's convenience on or before June 14, 2024; and

3. Waive the bond required by Rule 65(c).

Dated this 11th day of June, 2024.

                                                                Respectfully submitted,

                                                                By: */s/ Kelsey E. Arends*
                                                                Kelsey E. Arends, #26762
                                                                Sarah K. Maresh, #25793
                                                                Robert E. McEwen, #24817

James A. Goddard, #24150<br>
Attorneys for Plaintiff<br>
Nebraska Appleseed Center for Law in the Public Interest<br>
P.O. Box 83613<br>
Lincoln, Nebraska 68501-3613<br>
Telephone: (402) 438-8853 x145<br>
Fax: (402) 438-0263<br>
Email: karends@neappleseed.org<br>
smaresh@neappleseed.org<br>
rmcewen@neappleseed.org<br>
jgoddard@neappleseed.org

### CERTIFICATE OF SERVICE

I hereby certify that on this day, the 11th of June, 2024, a copy of the foregoing was filed using the Court's ECF system, and the attorneys for the Plaintiff separately emailed copies of this motion and brief to the following:

Jennifer A. Huxoll, Civil Litigation Bureau Chief, Nebraska Attorney General's Office, via email: Jennifer.Huxoll@nebraska.gov.

This the 11th of June, 2024.

By: <i>/s/ Kelsey E. Arends</i><br>
Kelsey E. Arends, #26762<br>
Attorney for Plaintiff<br>
Nebraska Appleseed<br>
Center for Law in the Public Interest<br>
P.O. Box 83613<br>
Lincoln, Nebraska 68501-3613<br>
Telephone: (402) 438-8853 x145<br>
Fax: (402) 438-0263<br>
Email: karends@neappleseed.org