UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GILLIAN FILYAW, individually and on behalf of all others similarly situated, | ) ) ) ) ) | Case No._____ |
| PLAINTIFF, | ) ) | |
| v. | ) ) | |
| STEVE CORSI, Chief Executive Officer of the Nebraska Department of Health and Human Services, in his official capacity, and MATT AHERN, Interim Director of the Division of Medicaid and Long-Term Care, in his official capacity, | ) ) ) ) ) ) ) ) | |
| DEFENDANTS. | ) | |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**

NEBRASKA APPLESEED
CENTER FOR LAW
IN THE PUBLIC INTEREST
Kelsey E. Arends, #26762
Sarah K. Maresh, #25793
Robert E. McEwen, #24817
James A. Goddard, #24150
P.O. Box 83613
Lincoln, Nebraska 68501-3613
Telephone: (402) 438-8853 x145
Fax: (402) 438-0263
Email: karends@neappleseed.org
  smaresh@neappleseed.org
  rmcewen@neappleseed.org
  jgoddard@neappleseed.org

# TABLE OF CONTENTS

**INTRODUCTION** .................................................................................................................. 1

**ARGUMENT** ........................................................................................................................ 2

    I. Defendants Should be Temporarily Restrained from Enforcing Plaintiff's Medicaid Termination Until Defendants Provide Adequate Notice of Proposed Termination in Compliance with Constitutional Due Process. ............................................................................. 2

        A. Defendants' Failure to Provide Adequate Notice Irreparably Harms Plaintiff and Will Continue to Irreparably Harm Plaintiff Absent a Temporary Restraining Order. .................. 4

        B. Plaintiff is Likely to Succeed on the Merits Because Defendants' Failure to Provide Adequate Termination Notice Violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution. ...................................................................... 6

        C. The Balance of Equities and the Public Interest Weigh in Favor of Granting the Temporary Restraining Order Sought by Plaintiff. ................................................................ 10

        D. The Court Should Waive the Bond Required by Rule 65(c). ........................................... 11

**CONCLUSION** .................................................................................................................. 12

# TABLE OF AUTHORITIES

**CONSTITUTION OF THE UNITED STATES**

U.S. Const. amend. XIV, § 1 ...............................................................................1, 2, 4, 6, 7, 10, 12

**FEDERAL RULES**

Fed. R. Civ. P. 25(c) ..........................................................................................................................1

Fed. R. Civ. P. 65(c) ........................................................................................................................11

**CASES**

*Baker Elec. Co-op., Inc. v. Chaske*, ...................................................................................................3
     28 F.3d 1466 (8th Cir. 1994).

*Bliek v. Palmer*, ............................................................................................................................5, 7
     102 F.3d 1472 (8th Cir. 1997).

*Calvin Klein Cosmetics Corp. v. Lenox Lab.*, ...................................................................................3
     815 F.2d 500 (8th Cir. 1987).

*Chu Drua Cha v. Levine*, .........................................................................................................4, 6, 8
     696 F.2d 594 (8th Cir. 1982).

*Dataphase Sys. v. C L Sys. Inc.*, .......................................................................................................3
     640 F.2d 109 (8th Cir. 1981).

*Dilda v. Quern*, ................................................................................................................................8
     612 F.2d 1055 (7th Cir. 1980).

*Eggers v. Evnen*, ............................................................................................................................10
     48 F.4th 561 (8th Cir. 2022).

*Elder v. Gillespie*, ....................................................................................................................5, 7, 9
     54 F. 4th 1055 (8th Cir. 2022).

*Gamradt v. Block*, ..........................................................................................................................11
     581 F. Supp. 122 (D. Minn. 1983).

*Gelco Corp. v. Coniston Partners*, ...................................................................................................3
     811 F.2d 414 (8th Cir. 1987).

*Gen. Motors Corp. v. Harry Brown's, LLC*, .....................................................................................4
     563 F.3d 312 (8th Cir. 2009).

*Goldberg v. Kelly*, ...........................................................................................................................7, 8
    397 U.S. 254 (1970).

*Gray Panthers v. Schweiker*, ................................................................................................................7
    652 F.2d 146 (D.C. Cir. 1980).

*Hiltibran v. Levy*, ...............................................................................................................................10
    2010 U.S. Dist. LEXIS 143363 (W.D. Mo. 2010).

*Jacobs v. Gillespie*, ...........................................................................................................................7, 9
    3:16-cv-119-DPM (E.D. Ark. 2016).

*Julia M. v. Scott*, ................................................................................................................................10
    498 F. Supp. 2d 1245 (W.D. Mo. 2007).

*Kai v. Ross*, ..........................................................................................................................................4
    336 F.3d 650 (8th Cir. 2003).

*Lankford v. Sherman*, ..........................................................................................................................3
    451 F.3d 496 (8th Cir. 2006).

*Memphis Light, Gas & Water Div. v. Craft*, ........................................................................................5
    436 U.S. 1 (1978).

*Mental Health Ass'n v. Heckler*, ........................................................................................................10
    720 F.2d 965 (8th Cir. 1983).

*Mullane v. Cent. Hannover Bank & Trust Co.*, ................................................................................5, 7
    339 U.S. 306, 70 S. Ct. 652, 94 L. Ed. 865 (1950).

*Nelson v. Likins*, ..................................................................................................................................4
    389 F. Supp. 1234 (D. Minn. 1974).

*Phelps-Roper v. Nixon*, .....................................................................................................................11
    545 F. 3d 685 (8th Cir. 2008).

*Richland/Wilkin Joint Powers Auth. v. U.S. Army Corps of Eng'rs*, ................................................11
    826 F.3d 1030 (8th Cir. 2016).

*Sampson v. Murray*, ............................................................................................................................3
    415 U.S. 61, 39 L. Ed. 2d 166, 94 S. Ct. 937 (1974).

*Tumey v. Mycroft AI, Inc.*, ..............................................................................................................3, 10
    27 F.4th 657 (8th Cir. 2022).

*Turner v. Walsh*,................................................................................................................................4, 6
    435 F. Supp. 707 (W.D. Mo. 1977).

## INTRODUCTION

Plaintiff Gillian Filyaw (hereinafter, "Plaintiff") brings this action on behalf of herself and a proposed class of low-income Nebraskans to challenge the failure of Defendant Steve Corsi, as Chief Executive Officer of the Nebraska Department of Health and Human Services ("Department"), and Defendant Matt Ahern, as Interim Director of the Division of Medicaid and Long-Term Care of the Department, until such time that his successor in interest is named and is ordered to be joined to the action pursuant to Fed. R. Civ. P. 25(c), (collectively, "Defendants") to provide adequate notice of proposed termination of Medicaid coverage in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Plaintiff brings this motion for Temporary Restraining Order on behalf of herself, individually. Defendants' failure to provide adequate notice has caused harm to tens of thousands of individuals across Nebraska since March 2023 who rely on Medicaid coverage to be able to access health care and continues to harm more people each month. This failure, while uniform and identical as to every member of the proposed class, has caused dire, immediate, and irreparable harm to Plaintiff's health in particular, and such harm will continue if Defendants' unlawful and continual deprivation of her constitutional rights is not immediately remedied.

Specifically, Defendants issued notice to Plaintiff that her enrollment in Nebraska's Medicaid program will be terminated by the Department on the basis of her household income, but the notice does not include an adequate reason for the proposed termination, instead providing only the conclusory reason "income exceeds standards" (hereinafter "Income Termination Notice"). TRO Ex. 1. Despite constitutional requirements, the Income Termination Notice lacks a sufficient reason for termination; instead, the Income Termination Notice only provides a conclusory reason that "income exceeds standards" but does not include further explanation, such

1

as the source of income, the household size, a calculation of the household income, or the applicable income limit for Plaintiff's household. In issuing the Income Termination Notice, Defendants fail to provide adequate notice to Plaintiff, as required by constitutional due process.

Plaintiff submits this brief in support of her motion for a temporary restraining order to stop Defendants from enforcing the unlawful termination of her eligibility from the Medicaid program, unless and until Defendants provide timely and adequate notice that sets forth the reason for the proposed termination as required by the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

Plaintiff is a Nebraska resident with a low household income who was enrolled in Medicaid and was issued an Income Termination Notice by Defendants dated April 18, 2024. TRO Ex. 1. The notice does not identify a sufficiently detailed reason for termination. The Income Termination Notice provides only the conclusory, vague reason that "income exceeds standards." As a result, Plaintiff cannot prepare an adequate response to the deprivation of her constitutionally protected property interest. TRO Ex. 2 ¶ 8-9. Plaintiff and was terminated from Medicaid effective May 1, 2024. TRO Ex. 1. Plaintiff has serious and immediate health needs for which she has cancelled or delayed care since losing Medicaid coverage. TRO Ex. 2 ¶¶ 16-47; TRO Ex. 3. The confusion around her termination from Medicaid has caused significant stress and avoidance of necessary and emergent health care because Plaintiff is unsure why she has been terminated or whether she may still qualify for Medicaid. TRO Ex. 2 ¶¶ 8-14, 47-50.

## **ARGUMENT**

<u>I. Defendants Should be Temporarily Restrained from Enforcing Plaintiff's Medicaid Termination Until Defendants Provide Adequate Notice of Proposed Termination in Compliance with Constitutional Due Process.</u>

Plaintiffs seeking preliminary relief must demonstrate four factors, including: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys. v. C L Sys. Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc). The Eighth Circuit Court of Appeals has established that the standards for analyzing a motion for a temporary restraining order and a motion for a preliminary injunction are the same. *Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 665 (8th Cir. 2022). A district court has broad discretion when ruling on preliminary injunctions. *Lankford v. Sherman*, 451 F.3d 496, 503 (8th Cir. 2006). "No single factor is dispositive, as the district court must balance all factors to determine whether the injunction should issue." *Id.* "At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined… [W]here the balance of other factors tips decidedly toward plaintiff a preliminary injunction may issue if movant has raised questions so serious and difficult as to call for more deliberate investigation." *Dataphase*, 640 F.2d at 113.

All four factors must be examined in order to "determine whether on balance they weigh towards granting the injunction." *Baker Elec. Co-op., Inc. v. Chaske*, 28 F.3d 1466, 1472 (8th Cir. 1994) (quoting *Calvin Klein Cosmetics Corp. v. Lenox Lab.*, 815 F.2d 500, 503 (8th Cir. 1987). However, "failure to show irreparable harm is, by itself, a sufficient ground upon which to deny a preliminary injunction, for 'the basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies.'" *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987) (quoting *Sampson v. Murray*, 415 U.S. 61, 88, 39 L. Ed. 2d 166, 94 S. Ct. 937 (1974)). In her motion for a temporary restraining order, Plaintiff seeks to enjoin Defendants from enforcing the termination of her Medicaid without issuing a notice of

3

proposed termination that comport with the requirements of the Due Process Clause of the Fourteenth Amendment. Plaintiff meets all four factors, as shown below, and therefore the Court should issue a temporary restraining order.

> A. Defendants' Failure to Provide Adequate Notice Irreparably Harms Plaintiff and Will Continue to Irreparably Harm Plaintiff Absent a Temporary Restraining Order.

In this case, Plaintiff has been irreparably harmed and will continue to be harmed absent immediate relief in the form of a temporary restraining order because Plaintiff is harmed by the termination of her Medicaid enrollment without adequate notice. The Eighth Circuit has held that "[i]rreparable harm occurs when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages." *Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009). Courts in this Circuit have found that a restriction or denial of public assistance to which low-income individuals are entitled constitutes irreparable harm. *Kai v. Ross*, 336 F.3d 650 at 656 (8th Cir. 2003) (finding in a case challenging deprivation of Nebraska Medicaid that extended discussion of other preliminary injunction factors was unnecessary because "the danger to plaintiffs' health, and perhaps even their lives, gives them a strong argument of irreparable injury"); *Chu Drua Cha v. Levine*, 696 F.2d 594, 599 (8th Cir. 1982); *Turner v. Walsh*, 435 F. Supp. 707, 711 (W.D. Mo. 1977) *aff'd per curiam*, 574 F.2d 456 (8th Cir. 1978); *Nelson v. Likins*, 389 F. Supp. 1234, 1237 (D. Minn. 1974) (loss of public assistance is immediate irreparable injury), *aff'd per curiam*, 510 F.2d 414 (8th Cir. 1975).

In this case, the harm is clear because the Income Termination Notice issued to Plaintiff is so deficient that Plaintiff is deprived of the opportunity to identify any mistake in the calculation of her income or to adequately prepare for a hearing. The Income Termination Notice that was issued to Plaintiff uses only a conclusory reason, "income exceeds standards" and fails to provide any details about how the Defendants arrived at their decision to terminate her public assistance.

4

Notably, the notice fails to explain Plaintiff's income, how it was calculated, her household size, or the applicable income limit for her household for Medicaid eligibility. *See* TRO Ex. 1.

Plaintiff is left to guess as to the Department's calculations in order to decide whether to appeal her termination. TRO Ex. 2 ¶¶ 9-13. Defendants' failure to provide adequate termination notice seriously harms Plaintiff by denying her critical information regarding the reason for her proposed termination from Medicaid, without which she cannot determine whether she should appeal a proposed termination, much less prepare for a hearing to defend her eligibility. *See Elder v. Gillespie*, 54 F.4th 1055, 1064 (8th Cir. 2022), *Bliek v. Palmer*, 102 F.3d 1472, 1475 (8th Cir. 1997) (quoting *Mullane v. Cent. Hannover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 657, 94 L. Ed. 865 (1950), *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 14 (1978)).

The harm to Plaintiff is compounded because the surprising and confusing loss of her Medicaid coverage has forced her to forgo or delay critical medical treatment. TRO Ex. 2 ¶¶ 16-47. Plaintiff manages multiple sensitive health conditions which have required immediate and ongoing attention before and since she was terminated from Medicaid, which are more fully detailed in Plaintiff's declaration and medical records. TRO Ex. 3. Plaintiff's specific health situation underscores the gravity of access to Medicaid health coverage. At the same time as she was terminated from Medicaid, Plaintiff experienced new or worsening health conditions that she was unable to address because she cannot afford to seek care and pay out of pocket. TRO Ex. 2 ¶¶ 17-19, 21-22, 25, 27-30, 38-41, 43-49. Because her reliable access to Medicaid coverage abruptly and confusingly ended, Plaintiff was unable to continue courses of treatment that have assisted her in managing multiple health conditions. *Id*. The direct result of Defendants' Income Termination Notice and termination of Plaintiff's Medicaid eligibility is an immediate and ongoing harm to Plaintiff's health status. *Id*. Regardless, as noted above, the restriction or denial of public

assistance, like Medicaid coverage for Plaintiff, in itself constitutes immediate irreparable injury. *E.g.*, *Turner*, 435 F. Supp. at 711 (finding that termination or reduction of Medicaid benefits is sufficient irreparable injury to issue class-wide temporary restraining order), *aff'd per curiam*, 574 F.2d 456.

Furthermore, no other remedy is available to Plaintiff. Even if retroactive monetary damages were available, such relief would be insufficient. *Chu Drua Cha*, 696 F.2d at 599 ("We have no doubt that irreparable harm is occurring to the plaintiff class as each month passes without…benefits…For people at the economic margin of existence, the loss of $172 a month and perhaps some medical care cannot be made up by the later entry of a money judgment."). Because Plaintiff was deprived of constitutional due process when Defendants issued an Income Termination Notice and terminated her Medicaid, she suffers irreparable harm that cannot be addressed by money damages. Absent a temporary restraining order from this Court, the above-described irreparable harm will continue.

> B. Plaintiff is Likely to Succeed on the Merits Because Defendants' Failure to Provide Adequate Termination Notice Violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

In addition to clearly showing irreparable harm, Plaintiff is also likely to succeed on the merits. Defendants' failure to provide adequate termination notice including a sufficient reason for the proposed termination violates the Due Process Clause of the Fourteenth Amendment. This Court should temporarily restrain Defendants from enforcing the unlawful termination of Plaintiff from Medicaid eligibility without adequate termination notice.

The Fourteenth Amendment prohibits state action that deprives "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Medicaid coverage, like other public assistance, is a matter of statutory entitlement for individuals qualified to receive it,

6

and thus is a constitutionally protected property interest that cannot be deprived without due process of law. U.S. Const. amend. XIV, § 1; *Goldberg v. Kelly*, 397 U.S. 254, 262 (1970); *Bliek*, 102 F.3d at 1475.

Constitutional due process requires that a Medicaid enrollee be issued timely and adequate written notice detailing the reasons for a proposed termination, and have an effective opportunity for a hearing. *Goldberg*, 397 U.S. at 267-68. The notice requirement "lies at the heart of due process," *Gray Panthers v. Schweiker*, 652 F.2d 146, 168 (D.C. Cir. 1980). "Adequate notice is integral to the due process right to a fair hearing, for the 'right to be heard has little reality or worth unless one is informed.'" *Bliek*, 102 F.3d at 1475 (quoting *Mullane*, 339 U.S. at 314, 70 S. Ct. at 657).

In public assistance cases, timely and adequate notice requires a "detailing [of] the reasons for a proposed termination" so that the enrollee has "an effective opportunity" to challenge a proposed termination, which is especially important in cases of challenges based on "incorrect or misleading factual premises or on misapplication of rules or policies to the facts." *Goldberg*, 397 U.S. at 267-68. The opportunity to be heard must be coupled with "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314, 70 S. Ct. at 657. Adequate notice is that which is "complete, stated in plain language, and reasonably calculated to afford the plaintiffs an opportunity to raise their objections to the state's proposed actions." *Bliek*, 102 F.3d at 1476. Medicaid notices of adverse action must be in plain and clear terms, provide an explanation for why benefits are being reduced, provide specific references for the reduction in coverage, and "be as specific as reasonably practicable" about enrollees' eligibility criteria. *Elder*, 54 F.4th at 1064 (quoting *Jacobs v. Gillespie*, 3:16-cv-119-DPM (E.D. Ark. Nov. 1, 2016)).

Cases regarding other income-related terminations from other public assistance programs, which trigger the same constitutional due process rights, further demonstrate that Defendants' Income Termination Notice is deficient. *See Goldberg*, 397 U.S. at 263-64. The *Goldberg* court found that when public assistance provides the means to obtain essential food, clothing, housing, and medical care are terminated, "only a pre-termination evidentiary hearing provides the recipient with procedural due process." *Id*. Further, public assistance enrollees must be provided "timely and adequate notice detailing the reasons for a proposed termination." *Id.*, at 267-68. Plaintiff was terminated from Medicaid on the basis of her household income, and is therefore owed a notice that satisfies due process, just as enrollees who are terminated from other public assistance programs are owed.

The Eighth Circuit has previously indicated the specificity with which due process requires state agencies to notify enrollees in public benefits programs of changes in their eligibility due to changes in income. In *Chu Drua Cha v. Levine*, the Eighth Circuit looked to a Seventh Circuit case as "a good example of how *Goldberg* and the implementing regulations have been applied in practice." 696 F.2d at 601 (citing *Dilda v. Quern*, 612 F.2d 1055 (7th Cir. 1980) (per curiam), *cert. denied*, 447 U.S. 935, 100 S. Ct. 3039, 65 L. Ed. 2d 1130 (1980)). In *Dilda*, enrollees in the Aid to Families with Dependent Children (AFDC) program were subject to a state re-budgeting process that reduced or cancelled their assistance. 612 F.2d 1055. The court in *Dilda* held that the form notice was insufficient even though "it states the ultimate reason for the reduction or cancellation of benefits, the notice fails to provide the recipient with a breakdown of income and allowable deductions…without these calculations, plaintiffs have little protection against errors committed by the Department." *Id.* at 1057.

8

In this case, the Income Termination Notice issued by Defendants does not provide a reason specific enough to allow Plaintiff an effective opportunity to decide whether to challenge the proposed termination, much less prepare for a hearing. As described above, the Income Termination Notice uses the conclusory reason "income exceeds standards." TRO Ex. 1. This conclusory reason does not provide enough information for Plaintiff to determine what income was used in the calculation, how her household income was calculated, what household size was used, nor the applicable income limit for her Medicaid eligibility. With only this, Plaintiff does not have enough information to determine whether an error was made or an appeal is appropriate. Plaintiff is left to piece together a vague, standardized, conclusory reason on the Income Termination Notice while her Medicaid coverage hangs in the balance.

Recently, the Eighth Circuit has specifically held that Medicaid enrollees "have a clearly established right to be provided adequate notice of reduction, loss, or termination of benefits." *Elder*, 54 F.4th at 1065. In *Elder*, the Eighth Circuit referenced a 2016 case in which the district court held that the state agency provided deficient notice to Medicaid beneficiaries. *Id*. at 1064 (citing *Jacobs*, 3:16-cv-119-DPM (E.D. Ark. Nov. 1, 2016)). The Eighth Circuit in *Elder* explained that in *Jacobs*, the district court ordered that notice must "'be in plain and clear terms,' 'explain why benefits are being reduced,' 'explain the benefit reduction with specific references (as applicable)' to the methodology, and 'be as specific as reasonably practicable about the beneficiary's health conditions and reduced benefits[.]'" *Id*. The Eighth Circuit *in Elder* found that that "no fundamental difference" existed between the cases and applied the same standards to hold that the plaintiff in *Elder* had sufficiently pleaded a violation of her right to notice. *Id*. at 1065. The specificity required by the Eighth Circuit in *Elder* to inform enrollees of their eligibility determination is grossly absent in the Income Termination Notices issued by Defendants.

Because the Income Termination Notice issued to Plaintiff does not provide a sufficiently specific reason to allow her to identify a mistake or prepare a challenge to the Defendants' eligibility determination, Plaintiff is therefore likely to succeed on her claim that Defendants' Income Termination Notice violates the Due Process Clause of the Fourteenth Amendment.

<u>C. The Balance of Equities and the Public Interest Weigh in Favor of Granting the Temporary Restraining Order Sought by Plaintiff.</u>

When the government or state officials in the official capacity are the nonmoving party, the balance of equities and public interest factors "merge." *Eggers v. Evnen*, 48 F.4th 561, 564-65 (8th Cir. 2022). Here, the balance of equities and the public interest weigh in favor of granting a temporary restraining order for Plaintiff. The harm that Plaintiff suffers outweighs any injury that would be caused to the Defendants by prospectively reinstating Plaintiff in Medicaid coverage until Defendant properly determines her eligibility, and if she does not qualify, deprives her of her constitutionally protected property interest through an adequate and timely notice, should the Court grant Plaintiff's motion for temporary restraining order.

Harm caused to public assistance enrollees, like Plaintiff, outweigh any budgetary harm and administrative inconveniences caused to a state agency by a temporary restraining order or preliminary injunction. *See Mental Health Ass'n v. Heckler*, 720 F.2d 965, 971 (8th Cir. 1983); *Hiltibran v. Levy*, No. 10-4185-CV-C-NKL, 2010 U.S. Dist. LEXIS 143363, at*20-21 (W.D. Mo. Dec. 27, 2010); *Julia M. v. Scott,* 498 F. Supp. 2d 1245, 1250 (W.D. Mo. 2007); *Lankford*, 2007 U.S. Dist. LEXIS 14950, at *12. Here, Plaintiff is harmed by the deprivation of her due process rights as related to the termination of her Medicaid enrollment. Additionally, Plaintiff is managing multiple emergent health issues. TRO Exs. 2-3. The stress and confusion caused by the Income Termination Notice Plaintiff was issued and her termination from Medicaid has exacerbated her harm. TRO Ex. 2 ¶¶ 47-50. Without immediate relief, Plaintiff's harm remains ongoing and

potential of escalating her health concerns. The proposed relief simply requires Defendants to meet their legal obligations for a single individual, whereas Plaintiff suffers and would continue to suffer greatly due to Defendants' unlawful actions. The harm suffered by Plaintiff can only be remedied by immediate, simple, and comprehensive action by this Court in the form of a temporary restraining order.

Further, "it is always in the public interest to protect constitutional rights." *Phelps-Roper v. Nixon*, 545 F.3d 685, 690 (8th Cir. 2008), *overruled on other grounds by Phelps-Roper v. City of Manchester*, 697 F.3d 678, 692 (8th Cir. 2012) (en banc). Additionally, the requested relief will promote the public interest by enforcing existing laws. *See Gamradt v. Block*, 581 F. Supp. 122, 125 (D. Minn. 1983) (noting that "[t]he public interest is to help citizens feel they have been dealt with fairly and to avoid erroneous deprivation of essential benefits"). Here, Plaintiff simply seeks for Defendants to comply with the requirements of constitutional due process.

### D. The Court Should Waive the Bond Required by Rule 65(c).

Finally, Plaintiff requests that the Court waive the bond requirement in Fed. R. Civ. P. 65(c) as Plaintiff has a low income and has brought an action that promotes the public's interest. Rule 65(c) permits the Court to issue a temporary restraining order "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). The amount of security, however, "rests within the sound discretion of the trial court." *Richland/Wilkin Joint Powers Auth. v. U.S. Army Corps of Eng'rs.*, 826 F.3d 1030, 1043 (8th Cir. 2016). The bond requirement may properly be waived in public interest cases. *Id*.

In this case, Plaintiff has a low household income. IFP Appl, Filing No. 2. Waiver of the bond requirement poses no risk of incurring costs and damages to Defendants, as Plaintiff asks

11

only that the Court order Defendants to comply with requirements to provide adequate notice including a specific reason for proposed termination as protected by the Due Process Clause of Fourteenth Amendment.

## CONCLUSION

The Court should issue a temporary restraining order because Plaintiff meets all four factors required for this Court to issue such order. Plaintiff has been irreparably harmed and will continue to be harmed by the unlawful termination of her Medicaid enrollment, Plaintiff is likely to succeed on the merits of her due process claim, the balance of equities favors Plaintiff as her harm is greater than any harm Defendants may incur, and granting a temporary restraining order serves the public interest. Based on the foregoing, Plaintiff respectfully requests that the Court issue a temporary restraining order prohibiting Defendants from enforcing the unlawful termination of Plaintiff's Medicaid coverage and prospectively reinstate Medicaid coverage for Plaintiff, unless and until Defendants provide timely and adequate notice that sets forth the specific reasons for the proposed termination as required by the Due Process Clause of the Fourteenth Amendment. Plaintiff also requests that the Court waive the bond.

Dated this 11th day of June, 2024.

Respectfully submitted,

*/s/ Kelsey E. Arends*
Kelsey E. Arends, #26762
Sarah K. Maresh, #25793
Robert E. McEwen, #24817
James A. Goddard, #24150
Attorneys for Plaintiff
Nebraska Appleseed
Center for Law in the Public Interest
P.O. Box 83613
Lincoln, Nebraska 68501-3613
Telephone: (402) 438-8853 x145
Fax: (402) 438-0263

>                    Email: karends@neappleseed.org
>                           smaresh@neappleseed.org
>                           rmcewen@neappleseed.org
>                           jgoddard@neappleseed.org

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this day, the 11th of June, 2024, a copy of the foregoing Brief in Support of Plaintiff's Motion for Temporary Restraining Order was filed with the Clerk of the United States District Court for the District of Nebraska, using the CM/ECF system, and the attorneys for the Plaintiff separately emailed copies of the forgoing to the following:

> Jennifer A. Huxoll, Civil Litigation Bureau Chief, Nebraska Attorney General's Office,
>
> via email: Jennifer.Huxoll@nebraska.gov.

This the 11th of June, 2024.

>                    By: */s/ Kelsey E. Arends*
>                    Kelsey E. Arends, #26762
>                    Attorney for Plaintiff
>                    Nebraska Appleseed
>                    Center for Law in the Public Interest
>                    P.O. Box 83613
>                    Lincoln, Nebraska 68501-3613
>                    Telephone: (402) 438-8853 x145
>                    Fax: (402) 438-0263
>                    Email: karends@neappleseed.org