UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GILLIAN FILYAW, | ) | Case No._____ |
| individually and on behalf of all others | ) | |
| similarly situated, | ) | |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STEVE CORSI, Chief Executive Officer | ) | |
| of the Nebraska Department of Health and Human | ) | |
| Services, in his official capacity, and | ) | |
| MATT AHERN, Interim Director of the Division | ) | |
| of Medicaid and Long-Term Care, in his official | ) | |
| capacity, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

**BRIEF IN SUPPORT OF
PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

NEBRASKA APPLESEED
CENTER FOR LAW
IN THE PUBLIC INTEREST
Kelsey E. Arends, #26762
Sarah K. Maresh, #25793
Robert E. McEwen, #24817
James A. Goddard, #24150
P.O. Box 83613
Lincoln, Nebraska 68501-3613
Telephone: (402) 438-8853 x145
Fax: (402) 438-0263
Email: karends@neappleseed.org
         smaresh@neappleseed.org
         rmcewen@neappleseed.org
         jgoddard@neappleseed.org

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT ...........................................................................................................................2

I. This Action Should be Certified as a Class Action Because Plaintiff and the Proposed Class Meet the Requirements Under the Federal Rules and Because Class Certification is Essential to the Fair and Efficient Adjudication of the Case. ....................................................2

A. The Proposed Class Satisfies the Requirements of Rule 23(a). ........................................4

i. The Class is So Numerous that Joinder of All Members is Impracticable......................5

1. The Number of Persons in the Proposed Class Satisfies the "Numerosity" Requirement of Class Certification. ..................................................................5

2. The Nature of the Action and the Size of Individual Claims Make Joinder Impracticable. ..........................................................................................6

3. Litigating Individual Claims Would be Inconvenient and Inefficient.......................7

4. The Limited Financial Resources of the Class Members Make Joinder Impracticable. ..........................................................................................8

5. The Class Includes Future Members Who are Unknown, Making Joinder Impracticable. ..........................................................................................8

ii. There are Questions of Law and Fact Common to Plaintiff and the Proposed Class. ....9

1. Plaintiff and the Proposed Class Have Common Questions of Fact. .......................10

2. Plaintiff and Proposed Class Have Common Questions of Law. .............................11

iii. The Plaintiff's Claims are Typical of the Claims of the Proposed Class.....................13

iv. Plaintiff Will Fairly and Adequately Protect the Proposed Class. ..............................14

1. Plaintiff and Proposed Class Members Have Common Interests............................15

2. The Plaintiff Will Fairly and Adequately Represent the Interests of the Proposed Class in this Action.....................................................................................15

B. The Proposed Class Satisfies the Requirements of Rule 23(b)(2)....................................16

CONCLUSION .....................................................................................................................17

## <u>TABLE OF AUTHORITIES</u>

**CONSTITUTION OF THE UNITED STATES**

U.S. Const. amend. XIV, § 1 ................................................................................... 1, 11, 14, 15, 16

**FEDERAL STATUTES**

42 U.S.C. § 1983 ................................................................................................................. 16

**FEDERAL RULES**

Fed. R. Civ. P. 23(a) ........................................................... 2, 3, 4, 5, 9, 10, 13, 14, 16, 17

Fed. R. Civ. P. 23(b)(2) ...................................................................................... 2, 3, 10, 16, 17

Fed. R. Civ. P. 23(g) .............................................................................................................. 17

Fed. R. Civ. P. 25(c) ............................................................................................................... 1

**CASES**

*Abarca v. Werner Enters.*, ..................................................................................................... 15
    2018 U.S. Dist. LEXIS 32852 (D. Neb. 2018).

*Ahrens v. Thomas*, ................................................................................................................. 3
    570 F.2d 286 (8th Cir. 1978).

*Alpern v. UtiliCorp United, Inc.*, ........................................................................................ 14
    84 F.3d 1525 (8th Cir. 1996).

*Amchem Prods. v. Windsor*, ................................................................................................. 17
    521 U.S. 591 (1997).

*Applied Underwriters, Inc. v. Top's Pers., Inc.*, .................................................................. 5
    2019 U.S. Dist. LEXIS 41728 (D. Neb. 2019).

*Ark. Educ. Ass'n v. Bd. of Educ. of Portland, Ark. Sch. Dist.*, ........................................... 5
    446 F.2d 763 (8th Cir. 1971).

*Bennett v. Nucor Corp.*, ....................................................................................................... 10
    656 F.3d 802 (8th Cir. 2011).

*Blades v. Monsanto Co.*, ........................................................................................................ 3
    400 F.3d 562 (8th Cir. 2005).

*Bliek v. Palmer*, ..................................................................................................4, 12
    102 F.3d 1472 (8th Cir. 1997).

*Bowlin v. Montanez*, ........................................................................................4, 7, 17
    2005 U.S. Dist. LEXIS 4258 (D. Neb. 2005).

*Bradford v. AGCO Corp.*, ........................................................................................5
    187 F.R.D. 600 (W.D. Mo. 1999).

*Califano v. Yamasaki*, ............................................................................................11
    442 U.S. 682 (1979).

*Caroline C. v. Johnson*, .........................................................................................5, 8
    174 F.R.D. 452 (D. Neb. 1996).

*Chu Drua Cha v. Levine*, ..........................................................................................4
    696 F.2d 594 (8th Cir. 1982).

*Coley v. Clinton*, .......................................................................................................3
    635 F.2d 1364 (8th Cir. 1980).

*DeBoer v. Mellon Mortg. Co.*, ...............................................................................3, 13
    64 F.3d 1171 (8th Cir. 1995).

*Donaldson v. Pillsbury Co.*, .....................................................................................15
    554 F.2d 825 (8th Cir. 1977).

*Ebert v. Gen. Mills, Inc.*, .......................................................................................2, 16
    823 F.3d 472 (8th Cir. 2016).

*Elder v. Gillespie*, ...................................................................................................13
    54 F.4th 1055 (8th Cir. 2022).

*Ellis v. Naval Air Rework Facility*, .............................................................................8
    404 F. Supp. 391 (N.D. Cal. 1975).

*Emanuel v. Marsh*, .....................................................................................................5
    828 F.2d 438 (8th Cir. 1987).

*Evans v. Am. Credit Sys., Inc.*, ...................................................................................5
    222 F.R.D. 388 (D. Neb. 2004).

*Gen. Tel. Co. of Sw. v. Falcon*, ...........................................................................2, 3, 11
    457 U.S. 147, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982).

*Gries v. Std. Ready Mix Concrete, LLC*, ......................................................................8

252 F.R.D. 479 (N.D. Iowa 2008).

*Harris v. D. Scott Carruthers & Assoc.*, .................................................................................. 5
    270 F.R.D. 446 (D. Neb. 2010).

*In re Hartford Sales Practices Litig.*, ................................................................................. 10
    192 F.R.D. 592 (D. Minn. 1999).

*In re Zurn Pex Plumbing Prods. Liab. Litig.*, ......................................................................... 2
    644 F.3d 604 (8th Cir. 2011).

*Ireland v. Anderson*, ................................................................................................ 6
    2016 U.S. Dist. LEXIS 185296 (D.N.D. 2016).

*Klug v. Watts Regulator Co.*, ....................................................................................... 10
    2016 U.S. Dist. LEXIS 169155 (D. Neb. 2016).

*Leiting-Hall v. Winterer*, ........................................................................................... 16
    2015 U.S. Dist. LEXIS 41961 (D. Neb. 2015).

*Lujan v. Defenders of Wildlife*, ...................................................................................... 2
    504 U.S. 555 (1992).

*M.B. v. Corsi*, ............................................................................................... 7, 8, 17
    327 F.R.D. 271 (W.D. Mo. 2018).

*Mullane v. Cent. Hannover Bank & Trust Co.*, ......................................................................... 12
    339 U.S. 306, 70 S. Ct. 652, 94 L. Ed. 865 (1950).

*Murphy v. Harpstead*, ................................................................................................ 4
    421 F. Supp. 3d 695 (D. Minn. 2019).

*Murphy v. Piper*, ................................................................................................... 12
    2017 U.S. Dist. LEXIS 160455 (D. Minn. 2017).

*Murphy v. Wheelock*, ................................................................................................ 16
    2019 U.S. Dist. LEXIS 124909 (D. Minn. 2019).

*Ortiz v. Eichler*, ............................................................................................. 4, 12, 16
    616 F. Supp. 1046 (D. Del. 1985).

*Paxton v. Union Nat'l Bank*, ................................................................................. 5, 6, 13, 14
    688 F.2d 552 (8th Cir. 1982).

*Portz v. St. Cloud State Univ.*, ....................................................................................... 8
    297 F. Supp. 3d 929 (D. Minn. 2018).

*Postawko v. Mo. Dep't of Corr.*, ...................................................................................... 10, 13, 16
    910 F.3d 1030 (8th Cir. 2018).

*Robidoux v. Celani*, ................................................................................................................ 5
    987 F.2d 931 (2nd Cir. 1993).

*San Antonio Hispanic Police Officers' Org., Inc. v. City of San Antonio*, ........................ 6
    188 F.R.D. 433 (W.D. Tex. 1999).

*Sandusky Wellness Ctr., LLC v. Medtox Sci., Inc.*, ............................................................. 9
    821 F.3d 992 (8th Cir. 2016).

*Shakhnes v. Eggleston*, ........................................................................................................... 3
    740 F. Supp. 2d 602 (S.D.N.Y. 2010).

*Susan J. v. Riley*, ................................................................................................................... 12
    254 F.R.D. 439 (M.D. Ala. 2008).

*Tinsley v. Kemp*, ..................................................................................................................... 8
    750 F. Supp. 1001 (W.D. Mo. 1990).

*Turner v. Walsh*, ................................................................................................................ 4, 17
    435 F. Supp. 707 (W.D. Mo. 1977).

*Van Orden v. Meyers*, .......................................................................................................... 3, 7
    2001 U.S. Dist. LEXIS 113478 (E.D. Mo. 2011).

*Wal-Mart Stores, Inc. v. Dukes*, ..................................................................... 3, 9, 10, 12, 16
    564 U.S. 338 (2011).

## TREATISES

7A Charles A. Wright, et al., Federal Practice and Procedure § 1775 ............................... 3

1 Newberg and Rubenstein on Class Actions........................................................................ 11, 15

## PRELIMINARY STATEMENT

Plaintiff Gillian Filyaw (hereinafter, "Plaintiff") brings this action on behalf of herself and a proposed class of tens of thousands of low-income Nebraskans to challenge the failure of Defendant Steve Corsi, as Chief Executive Officer of the Nebraska Department of Health and Human Services ("Department"), and Defendant Matt Ahern, as Interim Director of the Division of Medicaid and Long-Term Care of the Department, until such time that his successor in interest is named and is ordered to be joined to the action pursuant to Fed. R. Civ. P. 25(c), (collectively, "Defendants") to provide adequate notice of proposed termination of Medicaid coverage in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution. This failure has caused harm to tens of thousands of individuals across Nebraska who rely on Medicaid coverage to be able to access health care since March 2023, and continues to harm more people each month.

Specifically, Defendants issued notice to Plaintiff and have issued or will issue notice to the proposed class that their enrollment in Nebraska's Medicaid program will be terminated by the Department on the basis of their income, but the notice does not include an adequate reason for the proposed termination, instead providing only the conclusory reason that "income exceeds standards" (hereinafter "Income Termination Notice" or "Income Termination Notices"). Despite constitutional requirements, the Income Termination Notice provides only an identical, conclusory reason that "income exceeds standards" but does not include further explanation, such as the source of income, a calculation of the household income, or the applicable income limit for the enrollee's household. *See* Class Exs. 1-3. Since April 2023, more than 22,000 Nebraskans have been issued an Income Termination Notice proposing to end their Medicaid enrollment for only the conclusory reason that their "income exceeds standards." Class Ex. 4. By issuing Income Termination Notices,

Defendants fail to provide adequate notice to Medicaid enrollees, including to Plaintiff and the proposed class, as required by constitutional due process. As a result, Defendants have unlawfully terminated, and continue to unlawfully terminate, Medicaid coverage for thousands of individuals and households.

Plaintiff submits this brief in support of her motion pursuant to Rules 23(a) and (b)(2) of the Federal Rules of Civil Procedure for certification of a class consisting of the following members:

> Those who, since March 1, 2023, have been or will be issued a written notice from Defendants proposing to terminate their Nebraska Medicaid eligibility for the reason "income exceeds standards."

Plaintiff and the proposed class members have standing to bring this suit as they have suffered the injury of being denied an adequate termination notice from Defendants, whose responsibility it is to issue Medicaid notices, and the injury will be redressed by the class-wide declaratory and injunctive relief Plaintiff seeks. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992).

## **ARGUMENT**

### I. This Action Should be Certified as a Class Action Because Plaintiff and the Proposed Class Meet the Requirements Under the Federal Rules and Because Class Certification is Essential to the Fair and Efficient Adjudication of the Case.

District courts have broad discretion in determining whether to certify a class. *Ebert v. Gen. Mills, Inc.*, 823 F.3d 472, 477 (8th Cir. 2016); *In re Zurn Pex Plumbing Prods. Liab. Litig.*, 644 F.3d 604, 616 (8th Cir. 2011). A class action conserves the resources of the court and the parties by permitting an issue that may affect every class member to be litigated in an economical fashion. *Ebert,* 823 F.3d at 477; *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 155, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982). In conducting its inquiry, a court must determine whether, if plaintiffs' general allegations are taken to be true, common evidence would suffice to make out a prima facie case

for the class. *Blades v. Monsanto Co.*, 400 F.3d 562, 567 (8th Cir. 2005) (citing *Gen. Tel. Co. of Sw.*, 457 U.S. 147).

The movant for class certification must demonstrate that the requirements of Federal Rule of Civil Procedure 23 are met, including all four elements of Rule 23(a) and at least one of the three elements listed in Rule 23(b). *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345-346 (2011). Generally, if the requirements of Rule 23(a) are met and injunctive or declaratory relief has been requested, the action should be allowed to proceed under Rule 23(b)(2). *See DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1175 (8th Cir. 1995) (quoting 7A Charles A. Wright, et al., Federal Practice and Procedure § 1775, at 470).

Additionally, "because one purpose of Rule 23(b)(2) was to enable plaintiffs to bring lawsuits vindicating civil rights, the rule 'must be read liberally in the context of civil rights suits.'" *Coley v. Clinton*, 635 F.2d 1364, 1378-79 (8th Cir. 1980) (quoting *Ahrens v. Thomas*, 570 F.2d 286, 288 (8th Cir. 1978)); *see also Van Orden v. Meyers*, No. 4:09CV00971 AGF, 2011 U.S. Dist. LEXIS 113478, at *16-17 (E.D. Mo. Sep. 30, 2011) ("The Eighth Circuit has expressed a preference for a liberal reading of Rule 23(b)(2) in the context of civil rights suits."); *Shakhnes v. Eggleston*, 740 F. Supp. 2d 602, 628 (S.D.N.Y. 2010) (granting class certification in civil rights suit brought by Medicaid recipients challenging the sufficiency of fair hearing procedures "[a]s such civil rights actions like this one—alleging systemic administrative failures of government entities—are frequently granted class action status under Rule 23(b)(2)"), *aff'd in part, vacated on other grounds sub nom*, *Shakhnes v. Berlin*, 689 F.3d 244 (2d Cir. 2012).

Here, Plaintiff seeks certification of a class that meets all the requirements of Rule 23(a) and 23(b)(2). Plaintiff's motion should be granted because class certification is essential to the fair and efficient adjudication of this case. Courts in this Circuit and throughout the country routinely

certify classes in similar cases of public benefits recipients seeking to challenge a deprivation of rights in regard to Medicaid or other public assistance programs. *See*, *e.g. Bliek v. Palmer*, 102 F.3d 1472 (8th Cir. 1997) (affirming summary judgment for a class of food stamp recipients seeking injunctive and declaratory relief and holding that defendant state officials did not give plaintiff class adequate notice in violation of plaintiffs' due process rights); *Chu Drua Cha v. Levine*, 696 F.2d 594, 595-96 (8th Cir. 1982); *Ortiz v. Eichler*, 616 F. Supp. 1046 (D. Del. 1985), *aff'd*, 794 F.2d 889 (3d Cir. 1986); *Murphy v. Harpstead*, 421 F. Supp. 3d 695, 702-703 (D. Minn. 2019); *Bowlin v. Montanez*, No. 4:04 CV 3218, 2005 U.S. Dist. LEXIS 4258, at *9-10 (D. Neb. Mar. 1, 2005) (finding that class certification best serves judicial economy in an action challenging Medicaid denials); *Turner v. Walsh*, 435 F. Supp. 707, 712-13 (W.D. Mo. 1977) (granting class certification for enrollees whose Aid to Families with Dependent Children (AFDC) and/or Medicaid benefits were discontinued, suspended, terminated, or reduced without adequate notice), *aff'd*, 574 F.2d 456 (8th Cir. 1978).

A. The Proposed Class Satisfies the Requirements of Rule 23(a).

Rule 23(a) sets forth the four prerequisites for class certification: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Because the proposed class includes tens of thousands of Nebraskans who have or will receive an Income Termination Notice with the same legal deficiencies, and Plaintiff has a typical claim and is an appropriate representative of the proposed class, Plaintiff's proposed class should be certified as it satisfies each element of Rule 23(a) as discussed herein.

<u>i. The Class is So Numerous that Joinder of All Members is Impracticable.</u>

Rule 23(a)(1) requires the proposed class be so numerous that joinder of all parties is impracticable. Fed. R. Civ. P. 23(a)(1). Impracticable does not mean impossible, but rather that joinder would be difficult. *Harris v. D. Scott Carruthers & Assoc.*, 270 F.R.D. 446, 450 (D. Neb. 2010) (quoting *Evans v. Am. Credit Sys., Inc.*, 222 F.R.D. 388, 393 (D. Neb. 2004)). In assessing whether the numerosity requirement has been meet, courts examine a number of factors, including (1) the number of persons in the proposed class, (2) the nature of the action, (3) the size of the individual claims, and (4) the inconvenience of trying individual claims, and (5) any other factor relevant to the practicability of joining all the proposed class members. *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 559-560 (8th Cir. 1982). Other relevant factors include "geographic dispersion of class members, financial resources of class members, the ability of claimants to institute individual suits, and requests for prospective injunctive relief which would involve future class members." *Caroline C. v. Johnson*, 174 F.R.D. 452, 463 (D. Neb. 1996) (quoting *Robidoux v. Celani*, 987 F.2d 931, 936 (2nd Cir. 1993)).

<u>1. The Number of Persons in the Proposed Class Satisfies the<br>"Numerosity" Requirement of Class Certification.</u>

The Eighth Circuit has not established rigid rules regarding the necessary size of a proposed class. *See Paxton*, 688 F.2d at 559; *Applied Underwriters, Inc. v. Top's Pers., Inc.,* No. 8:15 CV 90, 2019 U.S. Dist. LEXIS 41728, at *11 (D. Neb. Feb. 6, 2019) (citing *Emanuel v. Marsh*, 828 F.2d 438, 444 (8th Cir. 1987)). Even so, "courts have stated as few as forty class members is sufficient to show joinder is impracticable." *Harris*, 270 F.R.D at 450; *see also Ark. Educ. Ass'n v. Bd. of Educ. of Portland, Ark. Sch. Dist.*, 446 F.2d 763, 765-66 (8th Cir. 1971) (approving class of twenty members); *Bradford v. AGCO Corp.*, 187 F.R.D. 600, 604 (W.D. Mo. 1999) (certifying a class of between twenty and sixty-five members).

More than 22,000 Nebraska Medicaid enrollees have been terminated for the identical conclusory reason "income exceeds standards" between March and December 2023. Class Ex. 4. Between May and November 2023, thousands of enrollees each month were deprived of their Medicaid coverage and provided only the conclusory reason "income exceeds standards." *Id*. The terminations have continued through the present. Class Ex. 6. More proposed class members have received a notice with the conclusory reason "income exceeds standards" since December 2023, including Plaintiff. Class Ex. 1-3. The class includes unidentified future members as Defendants are terminating Medicaid coverage for more enrollees each month with Income Termination Notices with the identical, conclusory reason that "income exceeds standards." Plaintiff proposes a class that already numbers in the tens of thousands and grows each month, making joinder of all members impracticable.

### 2. The Nature of the Action and the Size of Individual Claims Make Joinder Impracticable.

The Eighth Circuit has stated that when plaintiffs seek broad declaratory and injunctive relief that class members could not individually obtain, joinder is impracticable. *Paxton*, 688 F.2d at 561. In certifying a class seeking only injunctive relief, "the numerosity requirement can be met with a smaller class size, since 'the benefits to be gained not only inure to the benefit of the known class but will benefit a future class of indeterminate size.'" *Ireland v. Anderson*, No. 3:13-cv-3, 2016 U.S. Dist. LEXIS 185296, at *38 (D.N.D. Aug. 29, 2016) (quoting *San Antonio Hispanic Police Officers' Org., Inc. v. City of San Antonio*, 188 F.R.D. 433, 442 (W.D. Tex. 1999)).

Specifically, Plaintiff seeks only broad declaratory and injunctive relief to address class-wide civil rights violations and does not seek monetary damages. Plaintiff seeks (1) a class-wide declaration that Defendants' Income Termination Notices do not satisfy due process requirements and are therefore unconstitutional, and (2) class-wide preliminary and permanent injunctive relief

enjoining Defendants, in their official capacities, from enforcing unconstitutional and unlawful Medicaid terminations per Income Termination Notices for Plaintiff and members of the proposed class similarly situated until they are provided timely adequate notice, and from terminating Medicaid coverage for any enrollee, including proposed class members, without first providing each enrollee a termination notice that satisfies the requirements of constitutional due process. Declaratory and injunctive relief on the issue of adequate notice is unlikely to be fully addressed in individual cases, and is likely to evade challenge without class action.

### 3. Litigating Individual Claims Would be Inconvenient and Inefficient.

Additionally, requiring members of the proposed class to proceed on an individual basis would unduly burden the judiciary and create a risk of inconsistent adjudications. *See Bowlin*, 2005 U.S. Dist. LEXIS 4258, at *9-10 (finding that certifying class of Medicaid caretaker relatives serves judicial economy by eliminating possibility of repetitious litigation and providing small claimants means of obtaining redress); *M.B. v. Corsi*, 327 F.R.D. 271, 278 (W.D. Mo. 2018) (finding that "joinder of more than 3,000 children would be impracticable and unduly burdensome" particularly because the proposed class included present and future members); *Van Orden*, 2011 U.S. Dist. LEXIS 113478, *6 (finding  numerosity was satisfied where the proposed class included 150 members). Here, class certification would maximize available legal resources and appropriately provide for uniform redress of Plaintiff and the proposed class's common grievances against Defendants. Plaintiff and the proposed class bring the exact same constitutional claim against Defendants – individual suits would be duplicative, resource-intensive, and time-consuming.

### 4. The Limited Financial Resources of the Class Members Make Joinder Impracticable.

In addition, Courts may consider the financial resources of the Plaintiff and the proposed class members. *Caroline C.*, 174 F.R.D. at 463; *Gries v. Std. Ready Mix Concrete, LLC*, 252 F.R.D. 479, 486-487 (N.D. Iowa 2008) (stating that class members' financial resources are relevant to "their ability to institute individual lawsuits"). The proposed class consists of individuals who, like Plaintiff, rely or have relied on Medicaid to access health care due to their low-income status – individuals who, almost by definition, lack the financial resources to seek counsel and pursue individual legal actions. *See Tinsley v. Kemp*, 750 F. Supp. 1001, 1005 (W.D. Mo. 1990) ("Individual litigation is even less likely when one considers that the putative class members are, by definition, low-income persons who could not afford to prosecute their own actions."). The financial resources of Plaintiff and the proposed class members make litigation of individual cases cost-prohibitive. *See* IFP Appl, Filing No. 2.

### 5. The Class Includes Future Members Who are Unknown, Making Joinder Impracticable.

Furthermore, joinder is impracticable in this case because the proposed class includes past, present, and future Medicaid enrollees who have been or will be issued a written Income Termination Notice, and future members of the proposed class have not yet been identified. When there is "no way now of determining how many of these future plaintiffs there may be, their joinder is impracticable." *Caroline C.*, 174 F.R.D. at 463 (quoting *Ellis v. Naval Air Rework Facility*, 404 F. Supp. 391, 396 (N.D. Cal. 1975), *rev'd on other grounds*, 608 F.2d 1308 (9th Cir. 1979)); *see also Portz v. St. Cloud State Univ.*, 297 F. Supp. 3d 929, 944 (D. Minn. 2018) ("Courts in [the Eighth] circuit have found numerosity where an unknown group may in the future suffer harm."); *M.B.*, 327 F.R.D. at 278 (finding joinder impracticable when "future members of the putative class are necessarily unidentifiable"). Plaintiff in part seeks to represent unknowable class of Medicaid

8

enrollees who are at risk of receiving an Income Termination Notice in the future. The potential class grows each month as the Department reviews the eligibility of tens of thousands of Medicaid enrollees. Thus, the increasing flow and fluid nature of individuals affected by Defendants' failure to provide adequate termination notice clearly demonstrates the impracticability of joinder.

Plaintiff clearly demonstrates that the proposed class is so numerous that joinder of all parties is impracticable because (1) Plaintiff is among more than 22,000 proposed class members who have already been issued Income Termination Notices, and additional unidentified future class members are similarly injured each month, meaning the number of potential class members alone makes joinder impracticable; (2) the nature of the action makes joinder impracticable because Plaintiff is seeking broad declaratory and injunctive relief to address class-wide civil rights violations, which will evade review absent the class action; (3) because Plaintiff and the proposed class bring the same constitutional claim against Defendants, individual cases would be inconvenient and inefficient; (4) due to the limited financial resources of Plaintiff and the proposed class, individual cases would be cost-prohibitive; and (5) the class includes future members who are unknown, making joinder impracticable. Class certification is necessary to maximize the available legal resources and appropriately provide for uniform redress of the class members' common grievances against Defendants.

### ii. There are Questions of Law and Fact Common to Plaintiff and the Proposed Class.

Rule 23(a)(2) requires that there be questions of law or fact common to the class. Fed. R. Civ. P. 23(a)(2). Proposed class members must have a "common contention" which is "capable of class-wide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart*, 564 U.S. at 359; *Sandusky Wellness Ctr., LLC v. Medtox Sci., Inc.*, 821 F.3d 992, 998 (8th Cir. 2016). Commonality

does not require that every question be common to every member of the class; the commonality requirement may be satisfied by the existence of even a single common question of law or fact. *Wal-Mart*, 564 U.S. at 368-69. Commonality only requires that a class-wide proceeding will generate common answers apt to drive the resolution of litigation. *Bennett v. Nucor Corp.*, 656 F.3d 802, 814 (8th Cir. 2011). The burden on plaintiffs to establish commonality remains "very light…and is easily satisfied." *Klug v. Watts Regulator Co.*, No. 8:15CV61, 2016 U.S. Dist. LEXIS 169155, at *14 (D. Neb. Dec. 7, 2016) (quoting *In re Hartford Sales Practices Litig.*, 192 F.R.D. 592, 603 (D. Minn. 1999)); *see Postawko v. Mo. Dep't of Corr.*, 910 F.3d 1030 (8th Cir. 2018) ("While a putative class seeking damages for such claims might struggle to satisfy Rule 23(a)(2), a class certified under Rule 23(b)(2) seeking only injunctive and declaratory relief suffers no such difficulty."). In this case, the proposed class has both common questions of law and fact.

### 1. Plaintiff and the Proposed Class Have Common Questions of Fact.

Plaintiff and the proposed class members have common facts at issue because all are, have been, or will be enrolled in Nebraska Medicaid coverage, and have been or will be issued an Income Termination Notice by Defendants with only the explanation that their "income exceeds standards." Class Exs. 1-4. Plaintiff's counsel previously submitted a public record request to the Department seeking, among others, "Any record that includes the potential reasons a person's Medicaid case could be closed…" Class Ex. 5, at 2. The Department's response includes a list of standardized reasons. *Id.* at 3. One such standardized reason is "income exceeds standards." *Id.* As such, Plaintiff reasonably believes that the Income Termination Notices issued by the Defendants include identically deficient explanations, that "income exceeds standards," without any further explanation, such as the source of the income, the household size, the calculation of household income, or the applicable income limit for the enrollee's household. Class Exs. 1-5. Because the

reason listed on the Income Termination Notices is so deficient, it is impossible for the enrollee to identify errors or determine whether they should appeal a determination.

### 2. Plaintiff and Proposed Class Have Common Questions of Law.

Similarly, Plaintiff and the proposed class have common questions of law. The legal questions at issue for Plaintiff and each member of the proposed class are whether Defendants' failure to provide adequate termination notice to Plaintiff and class members prior to terminating Medicaid eligibility on the basis of income deprives Plaintiff and all others similarly situated of due process in violation of the Due Process Clause of the Fourteenth Amendment.

As described above, Plaintiff reasonably believes the entire proposed class has been or will be issued notices with the same legal deficiencies, which lack an adequately specific reason for the proposed termination. In this way, Defendants have applied a common course of prohibited conduct to the Plaintiff and proposed class members. 1 Newberg and Rubenstein on Class Actions, § 3:20 (6th ed. 2023) ("[T]he requirement is easily met in most cases. When the party opposing the class has engaged in some course of conduct that affects a group of persons and gives rise to a cause of action, one or more of the elements of that cause of action will be common to all of the persons affected.") The Supreme Court has stated:

> Class relief is "peculiarly appropriate" when the "issues involved are common to the class as a whole" and when they "turn on questions of law applicable in the same manner to each member of the class." For in such cases, "the class-action device saves the resources of both the courts and the parties by permitting an issue potentially affecting every [class member] to be litigated in an economical fashion under Rule 23."

*Gen. Tel. Co. of the Sw.*, 457 U.S. at 155 (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)).

Here, Plaintiff and proposed class are alleging that the Defendants violated the same rights, the notices have the same deficiency, and therefore, the resolution of the common questions of law will generate common answers to all members of the class and resolve the

litigation in "one stroke." *See Wal-Mart*, 564 U.S. at 350. The central common question of law

for Plaintiff and the class's due process claim is whether Defendants' choice to provide an

identical, conclusory termination reason to all class members that their "income exceeds

standards" but to omit the household size, the household income, the method for calculating the

income, and the applicable income limit, is "reasonably calculated, under all the circumstances,

to apprise interested parties of the pendency of the action and afford them an opportunity to

present their objections." *Mullane v. Cent. Hannover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.

Ct. 652, 657, 94 L. Ed. 865 (1950). Because the relevant standard is an objective one - that notice

must be reasonably calculated to afford Plaintiff and the class an opportunity to present their

objections to the termination of their Medicaid coverage – the common legal question at issue is

capable of a class-wide resolution.

Further, courts have routinely found that cases challenging the adequacy of notices under

constitutional due process raise common questions of law. *See Bliek*, 102 F.3d 1472 (affirming

summary judgment for plaintiff class of food stamp recipients); *Murphy v. Piper*, No. 16-2623

(DWF/BRT), 2017 U.S. Dist. LEXIS 160455, at *28 (D. Minn. Sept. 29, 2017) ("Plaintiffs' due

process claims are capable of Classwide resolution because the Court can determine with respect

to the class as a whole whether Defendant is fulfilling her statutory obligation to ensure that

adequate notice and opportunity for a hearing is being afforded to [Medicaid waiver] recipients

throughout the state."); *Ortiz*, 616 F. Supp. at 1055;  *see also Susan J. v. Riley*, 254 F.R.D. 439,

460-61 (M.D. Ala. 2008) (finding commonality and typicality requirements satisfied because a

plaintiff subclass of Medicaid enrollees sought "to force the State to provide the notice and

opportunity for a hearing to…all class members"). Additionally, the Eighth Circuit recently

specifically held that Medicaid enrollees "have a clearly established right to be provided

adequate notice of reduction, loss, or termination of benefits." *Elder v. Gillespie*, 54 F.4th 1055, 1065 (8th Cir. 2022).

Additionally, Plaintiff and the proposed class seek declaratory and injunctive relief for all class members, further evidencing the commonality of the legal claims. The Eighth Circuit has found that a "declaratory and injunctive nexus is sufficient to establish the requisite commonality." *DeBoer*, 64 F.3d at 1174 (citing *Paxton*, 688 F.2d at 561). In this case, the claim for Plaintiff and every class member would be entirely resolved through the Court declaring the Income Termination Notices do not satisfy the requirements of constitutional due process and enjoining Defendants from enforcing the termination of Medicaid eligibility for Plaintiff and similarly situated members of the class or terminating Medicaid coverage for members of the proposed class without first providing the enrollee a termination notice that satisfies the requirements of due process. *See* Compl. ¶¶ 55-62.

In sum, the class members bring common questions of both law and fact and seek common relief, satisfying the commonality requirement of Rule 23(a)(2).

### iii. The Plaintiff's Claims are Typical of the Claims of the Proposed Class.

Rule 23(a)(3) requires that the claims or defenses of the representative parties must be typical of the claims or defenses of the class. Fed. R. Civ. P. 23(a)(3). Typicality "is generally considered to be satisfied if the claims or defenses of the representatives and the members of the class stem from a single event or are based on the same legal or remedial theory." *Paxton*, 688 F.2d at 561-62 (internal quotation marks and citation omitted). The Eighth Circuit has found that typicality "is fairly easily met so long as other class members have claims similar to the named plaintiff." *Postawko*, 910 F.3d at 1039 (citing *DeBoer*, 64 F.3d at 1174). "Factual variations in the individual claims will not normally preclude class certification if the claim arises from the

same event or course of conduct as the class claims, and gives rise to the same legal or remedial theory." *Id.*, (quoting *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1540 (8th Cir. 1996)).

Here, the typicality requirement is clearly met because Plaintiff and the proposed class's claim arises from Defendants' identical conduct: the Defendants' issuance of Income Termination Notices that are deficient in the same way because they do not include a sufficient reason for the proposed termination in violation of the Due Process Clause of the Fourteenth Amendment. Plaintiff was enrolled in Medicaid until she was issued an Income Termination Notice and her Medicaid terminated May 1, 2024. Class Ex. 1. Similarly, proposed class members are, have been, or will be enrolled in Nebraska Medicaid coverage and have or will be issued an Income Termination Notice from Defendants proposing to terminate their Medicaid eligibility on the basis of their income. *See* Class Exs. 2-4.

Thus, Plaintiff's and proposed class members' claim arises from the same course of unlawful events, are premised on the same legal theories, and are not adverse to those of other class members. Plaintiff, in supporting her individual claim, simultaneously advances the claim of absent proposed class members. Plaintiff's claim therefore satisfies the typicality requirement of Rule 23(a)(3).

<u>iv. Plaintiff Will Fairly and Adequately Protect the Proposed Class.</u>

The final requirement of Rule 23(a) is that the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The focus of Rule 23(a)(4) is whether: (1) the class representatives have common interests with the members of the class, and (2) whether the class representatives will vigorously prosecute the interests of the class through qualified counsel." *Paxton*, 688 F.2d at 562-63.

### 1. Plaintiff and Proposed Class Members Have Common Interests.

Plaintiff shares interests in common with members of the proposed class. Each has been issued an Income Termination Notice with the same deficiency and is seeking enforcement of their rights to adequate notice of proposed termination from Medicaid under the Due Process Clause of the Fourteenth Amendment in a manner that will benefit all members of the class equally. *See* Class Exs. 1-3. No actual or potential conflict exists between Plaintiff and proposed class members. Plaintiff and the class members seek declaratory and injunctive relief to assure that Defendants issue adequate notice that complies with the Due Process Clause of the Fourteenth Amendment. *See* Compl. ¶¶ 55-62. Such relief does not present conflicts between or among class members.

### 2. The Plaintiff Will Fairly and Adequately Represent the Interests of the Proposed Class in this Action.

An additional consideration for adequate representation is whether Plaintiff has enough at stake in the litigation, either financial or otherwise, to ensure vigorous prosecution or defense of the action. *Donaldson v. Pillsbury Co.*, 554 F.2d 825, 833 (8th Cir. 1977). Here, Plaintiff has relied on Medicaid for access to health care, a basic necessity, and continues to need health coverage to address serious health concerns. Class Ex. 7, ¶¶ 5-6, 15-18. The implications of being terminated from Medicaid coverage for Plaintiff are severe, and her interest in adequate notice prior to termination is one she will pursue diligently on behalf of herself and the class members.

Furthermore, Plaintiff's counsel, Nebraska Appleseed Center for Law in the Public Interest, will adequately represent the interests of the class members. Plaintiff's counsel is "qualified, experienced, and able to vigorously conduct the proposed litigation." *See* 1 Newberg on Class Actions, § 3.22 (3d ed. 1992); *Abarca v. Werner Enters.*, No. 8:14CV319, 2018 U.S. Dist. LEXIS 32852, at *31-32 (D. Neb. Feb. 28, 2018). Plaintiff's counsel includes attorneys with extensive experience in both class action and individual affirmative litigation in federal and state

court on behalf of individuals challenging governmental actions depriving them of public assistance benefits. Class Ex. 8.

### B. The Proposed Class Satisfies the Requirements of Rule 23(b)(2).

Rule 23(b)(2) allows a class action to be maintained if, in addition to satisfying Rule 23(a), "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Rule 23(b)(2) "applies only when a single injunction or declaratory judgment would provide relief to each member of the class." *Wal-Mart*, 564 U.S. at 360; *Ebert*, 823 F.3d at 480. Classes certified under Rule 23(b)(2) incorporate "the most traditional justifications for class treatment--…that the relief sought must perforce affect the entire class at once…" *Wal-Mart*, 564 U.S. at 361-62.

Plaintiff's suit under 42 U.S.C. § 1983 to enjoin Defendants' violation of her constitutional right to due process is precisely the type of civil rights action warranting class certification. Defendants have acted on grounds generally applicable to the class by issuing Income Termination Notices that do not include a sufficient reason as required by the Due Process Clause of the Fourteenth Amendment. Moreover, the relief requested by the class is a declaratory and injunctive relief requiring the state to issue adequate termination notices before terminating Medicaid coverage based on income for Nebraska enrollees. Courts in similar situations have found that certifying a class under Rule 23(b)(2) was appropriate when the requested relief would "respond to the alleged harm on a uniform, generally applicable basis." *Postawko*, 910 F.3d at 1040; *see also Leiting-Hall v. Winterer*, No. 4:14CV3155, 2015 U.S. Dist. LEXIS 41961, at *17-18 (D. Neb. Feb. 11, 2015) (certifying class of public assistance applicants under Rule 23(b)(2) when the requested relief would "be to the benefit of the entire group"); *Ortiz*, 616 F. Supp. at 1058; *Murphy v. Wheelock*, No. 16-2623 (DWF/BRT), 2019 U.S. Dist. LEXIS 124909, at *16 (D. Minn. July 26,

2019) (denying a motion to decertify a class of Medicaid Disability Waiver recipients challenging, among other claims, inadequate notices and finding that class certification under Rule 23(b)(2) continued to be appropriate because the proposed injunction would provide an increased opportunity to achieve the legally mandated outcome to each member of the class); *M.B.*, 327 F.R.D. at 282 (certifying a class under Rule 23(b)(2) because "a single injunction or declaratory judgment would provide relief to each member of the class"); *Bowlin*, 2005 U.S. Dist. LEXIS 4258; *Turner*, 435 F. Supp. at 712-13.

Because Defendants' actions and inactions toward all the class members have been deficient in the same ways, the Plaintiff's request for class-wide declaratory and injunctive relief is a "prime example" of an action appropriate for certification pursuant to Rule 23(b)(2). *See Amchem Prods. v. Windsor*, 521 U.S. 591, 614 (1997).

## CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that the Court certify this case as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2) and, pursuant to Rule 23(g), appoint Nebraska Appleseed Center for Law in the Public Interest to represent the class. Dated this 11th day of June, 2024.

Respectfully submitted,

Gillian Filyaw, on behalf of herself and all others similarly situated, Plaintiff.

By: */s/ Kelsey E. Arends*
Kelsey E. Arends, #26762
Sarah K. Maresh, #25793
Robert E. McEwen, #24817
James A. Goddard, #24150
Attorneys for Plaintiff
Nebraska Appleseed
Center for Law in the Public Interest
P.O. Box 83613

17

Lincoln, Nebraska 68501-3613
Telephone: (402) 438-8853 x145
Fax: (402) 438-0263
Email: karends@neappleseed.org
      smaresh@neappleseed.org
      rmcewen@neappleseed.org
      jgoddard@neappleseed.org

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, the 11th of June, 2024, a copy of the foregoing Brief in Support of Plaintiff's Motion for Class Certification was filed with the Clerk of the United States District Court for the District of Nebraska, using the CM/ECF system, and the attorneys for the Plaintiff separately emailed copies of the forgoing to the following:

Jennifer A. Huxoll, Civil Litigation Bureau Chief, Nebraska Attorney General's Office, via email: Jennifer.Huxoll@nebraska.gov.

This the 11th of June, 2024.

By: */s/ Kelsey E. Arends*
Kelsey E. Arends, #26762
Attorney for Plaintiff
Nebraska Appleseed
Center for Law in the Public Interest
P.O. Box 83613
Lincoln, Nebraska 68501-3613
Telephone: (402) 438-8853 x145
Fax: (402) 438-0263
Email: karends@neappleseed.org